UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

NOBLE SECURITY, INC. and
MEIR AVGANIM,

                       Plaintiffs,

v.

INGAMAR CO., LTD,

                       Defendant.

**MEMORANDUM & ORDER**
21-CV-1372 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs Noble Security, Inc. ("Noble") and Meir Avganim commenced the above-captioned action on March 15, 2021, against Defendant Ingamar Co., Ltd., alleging that Defendant committed acts of patent infringement under 35 U.S.C. § 271, unfair competition pursuant to 15 U.S.C. § 1125(a), unfair competition and dilution under section 360-*l* of the New York General Business Law, and unfair competition under New York common law.  (Compl. ¶¶ 49–63, Docket Entry No. 1.)  In sum, Plaintiffs allege that Defendant is selling a physical security lock for computers that infringes on Plaintiffs' patent for the same product, and by doing so, damaged Noble's trademark and trade name and otherwise violated unfair competition laws.  (Compl.)  Plaintiffs seek a preliminary injunction, (Mot. for Prelim. Inj., Docket Entry No. 12), and contend that they have been unable to effect service of the motion on Defendant, a Taiwan-based company, even after several communications about the case with Defendant and its attorneys.  (Letter dated Apr. 7, 2021 ("Service Letter"), Docket Entry No. 17.)

Plaintiffs now move for alternative service of the preliminary injunction motion pursuant to Rule 4(f) of the Federal Rules of Civil Procedure.  (Pls.' Mot. for Alternative Service ("Pls.'

Mot."), Docket Entry No. 18; Pls.' Reply in Supp. of Pl.'s Mot. ("Pls.' Reply"), Docket Entry No. 25.) Defendant opposes the motion and argues that it is willing to waive service in exchange for an extension of time to respond to the Complaint and to the preliminary injunction motion, but, should the Court grant Plaintiffs' service motion, Defendant seeks additional time to respond to both. (Def.'s Opp'n to Pls.' Mot. ("Def.'s Opp'n"), Docket Entry No. 20; Def.'s Mot. for Extension in the Alternative and Reply in Supp. of Def.'s Opp'n ("Def.'s Reply"), Docket Entry No. 26-1.) For the reasons explained below, the Court grants Plaintiffs' motion for service by email and grants Defendant an extension of time to respond to the Complaint and to the preliminary injunction motion.

I. **Background**

On April 5, 2021, Plaintiffs moved for a preliminary injunction against Defendant, arguing that the sale of knockoff locks using marketing that infringed on Noble's "WEDGE" mark was irreparably harming Noble's future business prospects. (Mot. for Prelim. Inj.; Mem. in Supp. of Mot. for Prelim. Inj., Docket Entry No. 13.) The Court directed the parties to submit a joint briefing schedule. (Order dated Apr. 5, 2021.)

On April 7, 2021, Plaintiffs submitted a letter explaining that they could not submit a joint briefing schedule because they have not been able to serve Defendant. (Service Letter.) Plaintiffs explained that Noble and Ingamar "are no strangers to each other" as "[t]hey have been engaged for over a year in judicial proceedings in Taiwan concerning a Taiwanese, related Noble patent." (*Id.* at 1.) In their attempts at service, Plaintiffs sent a copy of the Complaint to Defendant and its attorney in Taiwan. (*Id.*) Plaintiffs also sent a copy of the motion for a preliminary injunction to Laurence Kao, the attorney representing Noble in the related proceedings in Taiwan, who, according to Plaintiffs, informed them that the papers had been

served.[1] (*Id.*)  In addition, an attorney based in the United States, David Tsai, contacted Plaintiffs' attorney and informed counsel "that he has been retained solely to negotiate the dispute . . . but not to appear in any court proceeding," and declined to forward the motion papers to Defendant.  (*Id.* at 2.)  The Court ordered Plaintiffs to "move for alternative service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure."  (Order dated Apr. 7, 2021).

Plaintiffs request that the Court "deem[] [Defendant] to have been served," (*id.*), and that the Court allow Plaintiffs to serve Defendant by email, (Pls.' Mot.).  Defendant argues in opposition that alternative service is unnecessary because it is willing to waive service and that the method of service Plaintiffs request is not recognized by Taiwanese law.  (Def.'s Opp'n; Def's Mot.)

## II. Discussion

### a. Plaintiffs' motion is not moot

Defendant argues that Plaintiffs' motion should be denied as moot "because Defendant is willing and has volunteered to waive service" pursuant to Rule 4(d)(3), which would entitle it to an extension of time to respond, and Plaintiffs "unreasonably rejected" Defendant's offer to do so.  (Def.'s Opp'n 1–2.)  In support, Defendant contends that allowing waiver of service would be advantageous because (1) it "has no desire to litigate [the] case and would like to settle the dispute," but Plaintiffs "rejected Defendant's offer to settle," (2) it is unfamiliar with litigation in the United States and only recently retained counsel in the country, (3) its sale of the allegedly infringing product in the United States amounts to about twenty thousand dollars, which "hardly

---

[1] In support of their contention that counsel for Defendant acknowledged service, Plaintiffs attach several documents to their motion papers, including an email from Kao stating that service was effected and that a copy would be delivered to Ingamar at the parties' next conference, postal records — portions of which are not in English, and copies of the motion for a preliminary injunction.  (Ex. showing Service of Pls.' Mot. Papers on Def. Ingamar, annexed to Service Letter, Docket Entry No. 17-1.)

justif[ies] the cost of litigating this case," and (4) it "voluntarily refrained from selling the accused infringing products in the [United States] . . . when it noticed this potential dispute," therefore a ninety-day extension would not harm Plaintiffs. (*Id.*)

Plaintiffs oppose extending the time for Defendant to respond and contend that Rule 4(d)(3) is inapplicable because Plaintiffs did not tender service by mail pursuant to Rule 4(d)(1).[2] (Pls.' Reply 2–3.)

Under Rule 4(d), "[a]n individual, corporation, or association that is subject to service" under Rule 4(e) (on serving a foreign individual within a judicial district of the United States), (f) (on serving an individual in a foreign country), or (h) (on serving a corporation, partnership, or association) "has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). If the plaintiff requests that the defendant waive service, "[a] defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until . . . [ninety] days after it was sent to the defendant outside any judicial district of the United States." Fed. R. Civ. P. 4(d)(3). However, plaintiffs are not required to utilize the Rule 4(d) waiver process. *See Puzzangara v. Evans Assocs.*, No. 10-CV-00076, 2011 WL 2273726, at *3 (E.D. Pa. June 9, 2011) ("Rule 4(d)(1) . . . states that plaintiffs 'may' request service of process, indicating that it is permissive"); *Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1357–58 (S.D. Fla. 2008) ("While Defendants cite

---

[2] Plaintiffs contest Defendant's representations about its willingness to settle and assert that Defendant did not formally acknowledge receipt of the Complaint and the motion for a preliminary injunction until its opposition to Plaintiffs' motion for email service. (Pls.' Reply 2–3.) In addition, although Plaintiffs argue that Defendant "should be deemed to have been served," (*id.* at 3), seemingly arguing that service was already accomplished pursuant to Rule 4(f)(2), Plaintiffs focus their arguments on the propriety of email service pursuant to Rule 4(f)(3). The Court therefore analyzes the availability of alternative service.

[Rule] 4(d) for the proposition that parties to an action have a duty to save costs of service, they provide no legal authority stating that [p]laintiffs are obligated to use the waiver process outlined in the Rule. In fact, [p]laintiffs are not obliged to use the waiver procedure under Rule 4(d)." (citing *Budget Rent A Car Sys. Inc. v. Miles*, No. 04-CV-1205, 2005 WL 1106335, at *3 (S.D. Ohio May 9, 2005))); *Budget Rent A Car Sys.*, 2005 WL 1106335, at *3 ("[Plaintiff] correctly points out that [Rule] 4(d) does not require it to utilize waivers of service. Rather, Rule 4(d) is permissive [—] '[t]o avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of summons.'" (quoting Fed. R. Civ. P. 4(d))); *see also Mark v. Sunshine Plaza, Inc.*, No. 16-CV-455, 2018 WL 1282414, at *8 (E.D. La. Mar. 12, 2018) (noting, in discussing an award of costs, that "'[t]he plaintiff may notify [the] defendant that an action has been commenced and request that the defendant waive service of a summons.' Rule 4(d) places a duty on defendant but uses the permissive may and not the mandatory must with regards to plaintiff" (second alteration in original) (quoting Fed. R. Civ. P. 4(d))), *report and recommendation adopted*, 2018 WL 1960022 (E.D. La. Apr. 26, 2018).

Pursuant to Rule 4(d), Plaintiffs could have requested that Defendant waive service of process, but they declined to do so. Although Defendant argues that Plaintiffs might benefit from requesting a waiver of service pursuant to Rule 4(d), Defendant does not dispute that Plaintiffs did not seek such a waiver and were not required to accept same, especially with the conditions that Defendant imposed on its willingness to waive service. *See Budget Rent A Car Sys.*, 2005 WL 1106335, at *3 ("[The plaintiff] correctly points out that Fed. R. Civ. P. 4(d) does not require it to utilize waivers of service."). Moreover, Defendant cites no authority for the proposition that Plaintiffs are required to either request a waiver of service or accept Defendant's conditional offer to do so. Accordingly, Plaintiffs' motion for alternative service is not moot.

### b. Alternative service of process

Plaintiffs argue that alternative service of process is warranted because, despite the steps Plaintiffs took to serve the papers on Defendant and its legal counsel, Defendant "has refused to accept the Complaint and motion papers and to appear and defend the claims against it." (Pls.' Mot. 2.) In support, Plaintiffs note that Taiwan is not a signatory to the Hague Service Convention or to any other treaty that addresses service of process, argue that service on Defendant can be accomplished by emailing Defendant's president at his publicly available email address, and also note that Defendant fails to cite any authority in support of its claim that service by email is improper under Taiwanese law. (*Id.* at 2–3; Pls.' Reply 1.) Moreover, Plaintiffs argue that Defendant "has received all the papers filed in this action, via multiple delivery methods, and . . . has acted on those papers in a manner exhibiting its full awareness of the court filings." (Pl.'s Mot. 1, 3.) Plaintiffs also contend that Defendant was put on notice via an email to its president, whose email address is listed on Defendant's website, and that attorney Tsai consulted with Defendant's president regarding this lawsuit before speaking to Plaintiffs' counsel.[3] (*Id.* at 2–3.) Further, Plaintiffs argue that district courts have approved email service under similar circumstances.[4] (*Id.* at 3 (first citing *Asia Cube Energy Holdings, Ltd. v. Inno*

---

[3] Plaintiffs submit an affidavit from Max Moskowitz, counsel to Plaintiffs, attesting to these facts and attaching several documents as exhibits in support of their efforts to serve Defendant. (Decl. of Max Moskowitz in Supp. of Service Mot. ("Moskowitz Decl."), Docket Entry No. 19.) According to the affidavit, Plaintiffs' counsel sent a copy of the preliminary injunction motion to Defendant's president via email, then spoke to Tsai, who related that he had discussed the lawsuit with Defendant's president. (*Id.* ¶¶ 7–9.) Plaintiffs also attach an email dated December 18, 2020, from the email address belonging to Defendant's president, discussing the locks at issue. (Email dated Dec. 18, 2020, annexed to Moskowitz Decl. as Ex. G, at 1, Docket Entry No. 19-3.)

[4] Plaintiffs also argue that Defendant should be deemed to have failed to oppose the motion for alternative service because Defendant's response is "totally silent" as to whether

*Energy Tech Co.*, No. 20-CV-6203, 2020 WL 4884002, at *2 (S.D.N.Y. Aug. 17, 2020); and then citing *Tatung Co. v. Shu Tze Hsu*, No. 13-CV-1743, 2016 WL 7508190 (C.D. Cal. Aug. 18, 2016)).)

Defendant argues that alternative service of process is not warranted because (1) it is willing to waive service in exchange for ninety days' extension of time to respond, and Plaintiffs acted unreasonably in rejecting Defendant's offer to waive service, and (2) in Taiwan, service by letter rogatory is the acknowledge method of service, and Plaintiffs' proposed alternative method of service will cause them to "risk . . . losing the ability to enforce any judgment that may result." (Def.'s Opp'n.)  In support of its argument, Defendant cites Article 402(2) of the Taiwan Civil Code of Procedure.[5] (Def.'s Reply 4.)  Defendant does not address whether email service would satisfy the requirements of due process, but argues that service by email is unnecessary and distinguishes the holding in *Asia Cube Energy Holdings* on the grounds that (1) Plaintiffs have not shown that the Court's intervention as to service is necessary, given that Defendant is willing to waive service, and (2) in *Asia Cube Holdings*, the plaintiff had only communicated with the defendant's representative by email and had "been unable to determine [the defendant's] physical address in Taiwan." (*Id.* at 3–4.)  Defendant also contends that Plaintiffs must show

---

email service is effective.  (Pl.'s Reply 1.)  The Court deems Defendant's argument that email service is unnecessary and unjustified, (*see* Def.'s Opp'n), as an objection to Plaintiffs' application for email service.

[5] Article 402(2) of the Taiwan Civil Code of Procedure reads: "[a] final and binding judgment rendered by a foreign court shall be recognized, except in case of any of the following circumstances . . . 2. Where a default judgment is rendered against the losing defendant, except in the case where the notice or summons of the initiation of action had been legally served in a reasonable time in the foreign country or had been served through judicial assistance provided under [Taiwanese law]." (Taiwan Code of Civ. Proc., art. 402, para. 2.)

7

that they have "reasonably attempted to effectuate service" on Defendant and have not done so. (*Id.*)

Rule 4(f) authorizes service upon individuals in foreign countries:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Convention];
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f); *see also Mattel, Inc. v. Animefun Store*, No. 18-CV-8824, 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020) ("[Rule 4(h)] confirms that service of process on foreign corporations may be made using the same methods outlined in [Rules] 4(f)(1) and 4(f)(3), among other provisions.").

The rule does not specify any hierarchy and, consistent with the rule, courts in the Second Circuit "have repeatedly recognized that there is no hierarchy among the subsections in Rule 4(f)." *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam (In re Fairfield Sentry Ltd.)*, No. 10-BR-13164, 2020 WL 7345988, at *11 (Bankr. S.D.N.Y. Dec. 14, 2020) (quoting *Wash. State Inv. Bd. v. Odebrecht S.A.*, 17-CV-8118, 2018 WL 6253877, at *3 (S.D.N.Y. Sept. 21, 2018)); *see also Merrimack Mut. Ins. Co.*, 2020 WL 5879405, at *1 ("[T]here is no hierarchy among the subsections in Rule 4(f)." (alteration in original) (quoting *Advanced Aerofoil Techs., AG v. Todaro*, No. 11-CV-9505, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012))). As these courts have found, "a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the [c]ourt may order service pursuant to Rule 4(f)(3)." *Merrimack Mut. Ins. Co.*, 2020 WL 5879405, at *1 (quoting *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015)); *see also Group One Ltd. v. GTE GmbH*, No.

20-CV-2205, 2021 WL 1727611, at *11–16 (E.D.N.Y. Feb. 3, 2021); *In re Graña y Montero S.A.A. Sec. Litig.*, No. 17-CV-1105, 2019 WL 259778, at *3 (E.D.N.Y. Jan. 9, 2019) ("[U]nder Rule 4(f)(3), a plaintiff is not *required* to attempt service through the other provisions of Rule 4(f) before the [c]ourt may order service pursuant to Rule 4(f)(3)." (alteration in original) (quoting *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013))), *report and recommendation adopted*, 2019 WL 1046627 (E.D.N.Y. Mar. 5, 2019); *Stream SICAV*, 989 F. Supp. 2d at 278 (same); *S.E.C. v. Anticevic*, No. 05-CV-6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (same); *see also Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) ("Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." (quoting *KPN B.V. v. Corcyra D.O.O.*, No. 08-CV-1549, 2009 WL 690119, at *1 (S.D.N.Y. Mar. 16, 2009))).

Courts have the discretion to authorize service pursuant to Rule 4(f)(3). *See Merrimack Mut. Ins. Co.*, 2020 WL 5879405, at *1 ("The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." (quoting *AMTO, LLC*, 2015 WL 3457452, at *4)). "Under [Rule] 4(f)(3), a [c]ourt may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Cunningham v. Gen. Motors LLC*, No. 20-CV-3097, 2020 WL 4748157, at *1–2 (S.D.N.Y. Aug. 17, 2020) (quoting *F.T.C. v. Pecon Software Ltd.*, No. 12-CV-7186, 2013 WL 4016272, at *3 (S.D.N.Y. Aug. 7, 2013)); *see also In re Fairfield Sentry Ltd.*, 2020 WL 7345988, at *11 (first citing *Odebrecht*, 2018 WL 6253877, at *4; then citing *Stream SICAV*, 989 F. Supp. 2d at 278).

9

### i. Plaintiffs are entitled to alternative service

Before ordering alternative service pursuant to Rule 4(f)(3), "district courts in this Circuit have generally required: (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577, 2018 WL 4804675, at *3 (S.D.N.Y. Oct. 3, 2018) (first quoting *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012); and then citing *Stream SICAV*, 989 F. Supp. 2d at 278). "[I]nasmuch as Rule 4(f)(3) calls upon a court to exercise its discretion . . . each case must be judged on its facts." *Stream SICAV*, 989 F. Supp. 2d at 278 (quoting *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012)).

Plaintiffs have attempted to serve Defendant through counsel in Taiwan and in the United States and have sent a copy to Kao, Noble's counsel in Taiwan, who informed Plaintiffs that the papers had been served on Defendant.[6] (Service Letter.) While Plaintiffs do not state that they have attempted to obtain letters rogatory, they have made several attempts to effect service on Defendant through its acknowledged representatives. (Service Letter 1–2.) Although the parties dispute whether Defendant is attempting to evade service, Defendant has repeatedly rejected attempts at service through its counsel and service in Taiwan with the assistance of Noble's local counsel, supporting Plaintiffs' application for alternative service. *See Wei Su*, 2018 WL 4804675, at *4 ("The [c]ourt's intervention is necessary here, as [the third-party defendant] appears to be evading service. His attorneys ceased contact with [counsel for defendant] once

---

[6] In their memorandum of law, Plaintiffs reiterate that the papers were "served on [Defendant's] Taiwan attorney by hand," (Pl.'s Mot. 2), but the Court does not understand Plaintiffs to argue that this act constituted legally sufficient service, and the parties continue to contest the issue of service.

this action was filed, and individuals at the addresses associated with him have repeatedly refused to accept service."). Further, Plaintiffs seek a preliminary injunction and argue that Defendant's actions are causing them irreparable harm. *See Asia Cube Energy Holdings, Ltd.*, 2020 WL 4884002, at *4 (concluding that the plaintiff's "pursuit of emergency relief [a preliminary injunction] bears on the question of whether judicial approval of alternative means of service is warranted"). The Court finds that Plaintiffs have reasonably attempted to effect service on Defendant and that the Court's intervention is necessary.

### ii. Service via email is not prohibited by international agreement

"Taiwan is not a party to the Hague Convention or to any other treaty or agreement with the United States regarding service of process." *Id.* at *2 (quoting *Wei Su*, 2018 WL 4804675, at *3); *see also Ryan v. Brunswick Corp.*, No. 02-CV-133, 2002 WL 1628933, at *1 (W.D.N.Y. May 31, 2002) ("Taiwan is not a party to the Hague Convention or any other relevant international agreement." (first citing *Emery v. Wood Indus., Inc.*, No. 98-CV-480, 2001 WL 274747, at * 1–3 (D.N.H. Jan. 17, 2001); and then citing *Cosmetech Int'l, LLC v. Der Kwei Enter. & Co.*, 943 F. Supp. 311, 316 (S.D.N.Y. 1996))).

Because Taiwan is not a signatory to the Hague Convention on service of process or any other international agreement that governs service of process, there is no international agreement that dictates how Plaintiffs can effectuate service on Defendant. Moreover, although Defendant argues that email service is prohibited by Taiwanese law, it cites no law in support. Accordingly, Plaintiffs are not prohibited by any international law or agreement from serving Defendant by email.[7]

---

[7] Defendant's argument that Plaintiffs' choice of service may ultimately prevent Plaintiffs from enforcing a judgment in that country in the future is not relevant to the Court's

11

### iii. Email service comports with due process

The Due Process Clause requires that the alternative means of service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see also ShelterZoom Corp. v. Goroshevsky*, No. 19-CV-10162, 2020 WL 4252722, at *2 (S.D.N.Y. July 23, 2020) (quoting *Mullane*, 339 U.S. at 314); *Mattel, Inc.*, 2020 WL 2097624, at *5 (quoting *Mullane*, 339 U.S. at 314). "[S]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Cunningham*, 2020 WL 4748157, at *1–2 (quoting *Pecon Software Ltd.*, 2013 WL 4016272, at *5); *see also Merrimack Mut. Ins. Co.*, 2020 WL 5879405, at *2 ("[T]he plaintiff . . . initially notified the defendant of its claim via the email address listed on the website and received a response from an individual 'who represented herself as an adjuster hired by [the defendant] to investigate the claim.' [Thus], service via email comports with due process." (second alteration in original)); *Zanghi v. Ritella (Zanghi II)*, No. 19-CV-5830, 2020 WL 6946512, at *6 (S.D.N.Y. Nov. 25, 2020) (finding that judicial approval of service via email is generally supported by facts indicating that the person to be served would likely receive the documents); *Pearson Educ. Inc. v. Doe 1*, No. 18-CV-7380, 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) ("Email service has also repeatedly been found by courts to meet the requirements of due process." (citing *Elsevier, Inc., v. Siew Yee Chew*, 287 F. Supp. 3d 374, 377 (S.D.N.Y. 2018))).

---

determination of whether Plaintiffs are entitled to conduct alternative service by email pursuant to Rule 4(f).

Courts have found service by email to satisfy due process where the defendants conducted business using the relevant email address and the defendants appeared in court subsequent to service by email. In *Mattel, Inc.*, the district court found that service via email comported with due process requirements where the defendants "engaged in online business and regularly communicated with customers through email," counsel for the defendants informed the plaintiff of his representation and the defendants' knowledge of the action, and counsel for the defendants "engaged in settlement discussions and actively participated in the discovery process." *Mattel, Inc.*, 2020 WL 2097624, at *5; *see also Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (finding that service via email was proper where the plaintiff "showed that [the] defendants conduct[ed] business extensively, if not exclusively, through their [i]nternet websites and correspond[ed] regularly with customers via email"); *but see Ehrenfeld v. Salim a Bin Mahfouz*, No. 04-CV-9641, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (declining to permit service via an email address that was "apparently only used as an informal means of accepting requests for information rather than for receiving important business communications," and where the plaintiff "provided no information that would [have led] the [c]ourt to conclude that [the][d]efendant maintain[ed] the website, monitor[ed] the email address, or would be likely to receive information transmitted to the e-mail address").

Service on Defendant via email comports with due process because Plaintiffs have shown that Defendant has used the email address to communicate about the challenged locks as recently as December of 2020, (*see* Email dated Dec. 18, 2020, at 1), and a message sent to the email address reached Defendant, prompting a conversation with Defendant's United States-based attorney, (see Moskowitz Decl. ¶¶ 8–9). *See Zanghi II*, 2020 WL 6946512, at *2 ("[T]he [c]ourt

permitted . . . [service] by email when there was evidence that the defendant had used the email address within the past year but disallowed email service for other defendants when there was no proof that the email addresses were 'operational and accessed' by the defendants recently." (quoting *Zanghi v. Ritella (Zanghi I)*, No. 19-CV-5830, 2020 WL 589409, at *7 (S.D.N.Y. Feb. 5, 2020))); *Zanghi I*, 2020 WL 589409, at *7 ("[The defendant's] recent use of the address indicates that an email to it is likely to reach him."))); *Convergen Energy LLC v. Brooks*, No. 20-CV-3746, 2020 WL 4038353, at *6 (S.D.N.Y. July 17, 2020) (finding that "service by email is reasonably calculated to notify [the defendant] of the action" where the defendant's counsel "contacted [the plaintiffs] only after [the plaintiffs] had emailed [the defendant] at [his personal email address], suggesting that [he] received the email and contacted his counsel thereafter"). In addition, Defendant has replied to Plaintiffs' motion and does not contest the suitability of the email address Plaintiffs propose.

Accordingly, the Court finds that service via email satisfies due process. The Court grants Plaintiffs' motion and permits Plaintiffs to serve Defendant by email pursuant to Rule 4(f)(3) at the address they have identified.

### c. Defendant's request for an extension of time to respond to the preliminary injunction motion and Complaint

Defendant asserts that it has voluntarily recalled the infringing locks from the market and refrained from selling them in the United States, has only retained counsel recently, and is unfamiliar with the American legal system, and asks that, should the Court grant Plaintiffs' motion for email service, the Court also grant a ninety-day extension (or an extension for "any appropriate period of time") to answer the Complaint and reply to the motion for a preliminary injunction. (Def.'s Opp'n 2; Def.'s Reply 1–2.)

14

Plaintiffs argue that Defendant's request for an extension of time to respond to the Complaint and to the motion for a preliminary injunction "is uncalled for, devoid of any merit, legally unjustified, obviously tactically driven[,] and should therefore be denied." (Pls.' Reply 1–2.) Plaintiffs ask that the Court order Defendant to "respond within a reasonable time to the Complaint and, more importantly, to the [p]reliminary [i]njunction motion." (*Id.* at 3.)

The Court grants the motion for an extension of time to file a response to the Complaint and to the preliminary injunction motion.[8]

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiffs' motion for service via email and grants Defendant's motion for ninety-day extensions of time to respond to the Complaint and to the motion for a preliminary injunction.

Dated: May 20, 2021
       Brooklyn, New York

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge

---

[8] The Court notes that Defendant has acquired counsel in the United States, (Mot. to Appear Pro Hac Vice, Docket Entry No. 21), and is aware of the motion.